IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CUTERA, INC. | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 05-484-JJF |
| PALOMAR MEDICAL TECHNOLOGIES, INC. and THE GENERAL HOSPITAL CORPORATION | ) ) ) |
| Defendants. | ) ) |

## STIPULATION AND ORDER

Plaintiff Cutera, Inc. ("Cutera") and defendants Palomar Medical Technologies, Inc. and The General Hospital Corporation (collectively, "Defendants") stipulate and agree, subject to the Court's approval, as follows:

1. On April 7, 2005, Defendants filed a complaint in the United States District Court for the District of Massachusetts, (the "District of Massachusetts") captioned *Palomar Medical Technologies, Inc. and The General Hospital* Corporation *v. Cutera, Inc.*, C.A. No. 05-CV-4683-RWZ (the "Massachusetts Action"), which alleges that Cutera infringes and induces infringement of U.S. Patent No. 5,595,568 )(the "568 patent") and U.S. Patent No. 5,735,844 (the "844 patent") by making, using, selling or offering for sale products using pulsed light technology for hair removal;

2. On July 6, 2005, Cutera filed a Motion to Dismiss Pursuant to Rule 12(b)(2) and 12(b)(3) ("the Motion") in the Massachusetts Action, claiming that the court lacks jurisdiction over Cutera, Defendants have opposed the Motion, and the Motion is currently under consideration by the court of the District of Massachusetts;

3. On July 11, 2005, Cutera filed the instant declaratory judgment action in this Court, which seeks a ruling that its pulsed light products for hair removal do not infringe the '568 patent and the '844 patent, and that these two patents are invalid, void and unenforceable due to inequitable conduct (D. I. 1); and

4. On September 2, 2005, counsel for Cutera and counsel for Defendants met and conferred pursuant to Local Rule 7.1.1, during which the parties agreed that because the Motion before the District of Massachusetts is still under consideration, judicial economy is best served by seeking a stay from this Court pending that court's resolution of the Motion, and the parties further agreed that such stay would be without prejudice to Defendants to seek a further stay of the instant action if Cutera's Motion is denied.

5. For the same reasons, the parties have agreed to stay a related action filed in the United States District Court for the Northern District of California.

THEREFORE, Cutera and Defendants NOW STIPULATE AND AGREE:

A. To stay the instant action pending the resolution of Cutera's Motion in the Massachusetts Action;

B. That such a stay is without prejudice to Defendants to seek a further stay if Cutera's Motion is denied; and

C. That Defendants shall have ten (10) days from the date of the entry of an order on Cutera's Motion, by the court for the District of Massachusetts, to answer, move or otherwise respond to the Complaint in this action.

| | |
|---|---|
| /s/Maryellen Noreika | /s/ Frederick L. Cottrell, III |
| Jack B. Blumenfeld (#1014) | Frederick L. Cottrell, III (#2555) |
| jblumenfeld@mnat.com | cottrell@rlf.com |
| Maryellen Noreika (#3208) | Alyssa M. Schwartz (#4351) |
| mnoreika@mnat.com | schwartz@rlf.com |
| Morris, Nichols, Arsht & Tunnell | Richards, Layton & Finger, P.A. |
| 1201 N. Market Street | One Rodney Square |
| P.O. Box 1347 | P.O. Box 551 |
| Wilmington, DE 19899 | Wilmington, DE 19899 |
| (302) 658-9200 | (302) 651-7700 |
| Attorneys for Plaintiff | Attorneys for Defendants |
| Cutera, Inc. | Palomar Medical Technologies, Inc. and |
| | The General Hospital Corporation |

SO ORDERED this _____ day of September, 2005,

_____
United States District Judge